UNITED STATES COURT OF APPEALS
IN AND FOR THE ELEVENTH CIRCUIT



16-16565 d

ROBERT BEAM,

Appellant,

against

UNITED STATES OF AMERICA,

Appellee.

---

**MOTION FOR CERTIFICATE OF APPEALBILITY FROM THE FINAL ORDER OF THE HONORABLE SUSAN C. BUCKLEW UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION. IN APPELLANT'S 28 U.S.C. 2255 MOTION 8:15-cv-02562.**

---

Submitted By:

Robert Beam
F.C.I. YAZOO, MISS.

UNITED STATES COURT OF APPEALS
IN AND FOR THE ELEVENTH CIRCUIT

ROBERT BEAM,

    Appellant,

-against-               Case No. 16-16565-d

UNITED STATES OF AMERICA,

    Appellee.

### MOTION FOR A CERTIFICATE OF APPEALIBILTY AND PERMISSION TO PROCEED IN FORMA PAUPERIS

Comes Now, the Appellant Robert Beam and files this Motion for a Certificate of Appealibility and Permission to Proceed in Forma Pauperis.

The Appellant appeals from the final Order of the Honorable Judge Susan Bucklew in the Appellant 28 U.S.C.2255 in the Middle District of Florida, Tampa Division, Case No. 8:15-cv-02562.

Respectfully submtted this 16th. day of December 2016 by placeing the Motion postage pre-paid in a F.B,O.P. mail box.

                                                               Robert Beam

1.

MOTION FOR CERTIFICATE OF APPEALIBILITY

The Supreme Court has stressed that the decision to grant a Certificate of Appealibility (COA) is a "treshold inquiry" into whether "jurist of reason could disagree with the district court's resolution ... or that jurist could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed. 2d 931 (2003)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires the Appellant to first obtain a COA to appeal the denial of the Appellant's 28 USC 2255 Motion. The issuance of a COA is codified at 18 U.S.C. 2253 (1)(A), "only if the applicant made a showing of a denial of a Constitutional right." Miller-El v Cockrell provides the guidance to the application of this principle.

There are several limiting factors. If there is "any doubts as to whether a COA should issue ;must be resolved in [the petitioner's] favor. " Hernadez v Johnson, 213 F.3d 243, 248 (5th. Cir. 2000). In addition one important qualification is in order even though an appellant must make a substantial showing of the denial of a constitutional right to get a COA, this aspect of threshold inquiry is satisfied even if the claim is onlsy debatably constitutional. In Hunter v United States , 559 F.3d 1188, 1190 (11th. Cir. 2009), the Eleventh Circuit denied a COA because it decided the claim was

2.

not constitutional. However, the Supreme Court vacated the judgment in light of the position in the Solicitor General's brief which argued the proper approach would "encompass [] review of 'debatably costitutional' claims." See Br. Solicitor General 9, Hunter v United States, No. 09-122, 2009 WL 4099534 (Nov. 25, 2009); Hunter v United States, 558 U.S. 1143, 130 S.Ct. 1135, 175 L.Ed. 2d 967 (2010). The Solicitor General's position Hunter is consistent with Slack's (Slack v McDaniel), characterization of the decision to grant or deny a COA as a threshold inquiry. The contary stance, requiring the claim at issue to be constitutional beyond debate, would in close require something approaching a merit decison at the supposedly threshold COA phase. Therefore, the Eleventh Circuit holds that a COA may be granted arguably, plausibly, or subject to good faith debate, a decison of constitutional dimension. See also United States v Martin, 226 F.3d 1042, 1046 (9th. Cir. 2000), ( issuing a COA because the constitutional issue was debatable).

The Appellant satisfies this inquiry and the COA should issue.

3.

**STATEMENT OF FACTS:**

A substantial discussion of the facts surrounding the indictment was presented in the Appellant's 2255 Motion.

The Criminal Complaint was accompanied by an Affidavit of Agent Richard Abbazia a Postal Inspector. This agent inspected over 600 packages these were not necessarily sent only to the Appellant. On November 5, 2013 he intercepted International Express mail parcel EE 9828224125CN . (A.8).[1] There are important facts that were determined by this agent:

1. THe parcel was addressed to Mr. Jhon, 83325 Bay Pointe Drive, Tampa, Fl. 33615.
2. The return address was Shenting, 7# Ham Zh.ongham Street, Nan Jing, China 24001/
3. The parcel was opened by ICE Agent Timothy Nesser.
4. The parcel contained 9 lbs. , 5.5 oz. of a substance that field tested for MDMA. (A.-9).

No additional lab analysis was ordered, developed, or supplied counsel.

The parcel was delived in a controlled delivery to a Ms. Long. Her friend was Kamilla Altunya. Long stated her friend sold "MDMA". The Postal agent concluded the chemical was "Methylenedioxy". This conclusion, as it was only a conclusion, was also simply the Postal Agents belief.

---

1. Reference is to the Appendix. e.g. A. ____ . A followed by the page number. The same exhibits were submitted and numbered identically in the Appellant's 28 U.S.C. 2255.

4.

Ms. Altunyan, who cooperated with the Agents, stated she received the material from China. She stated she sold Molly to the Appellant. (A.-10.).

Atlunyan stated she hired and paid Long, imported the material, and sold to the Appellant. (A.-11).

The Indictment charged the Appellant with Conspiracy to Distribute a substance with a detectable amount of Methylenedioxy Hydrochloride (MDMC), a Schedule I Controlled substance, contrary to the provisions of Title 21, United States Code, Section 841 (a)(1), Sections 846, and 841 (b)(1 (C). (A.-14).

The field test of the Postal Inspector and the Indictment identified two different chemical compounds. There were no lab test. The court in iheir Pre-Trial Order which was comprehensive requested reports of examination and test. (A.-18 to A.-26). Counsel did not file any pre-trial motion or request discovery.

Whether the materail, the analog is MDMC or MDMA is relevant. The sentence for each is different as is the year of manfacture. Counsel ignored these material facts.

The Plea Agreement identified the material as Methlenedioxy-N-Methylcathinone Hydrorochoride (medthylone MDMC). (A.-45,A.-46).

The Appellant entered a plea of guilty and to assume the appellant had knowledge of the chemical composition of the material is unfounded. Apparently the lawyer for the Appellant had no knowledge of the chemical composition and agreed to anything. He wouldnot have

5.

acted in any manner other than what his attorney advised him to do regarding the chemical composition of the material.

The Pre-Sentence Report concluded the conversion rate of MDMC into marijuna was 500:1. (A.50, A.-51, A.-52).).

Counsel never questioned the analog material as to chemical composition, date of origin, or the conflicting result of the Postal Field test and the assumption of the Indictment.

At the sentencing counsel stated no objection to the Guideline calculations. As an after thought, he stated " I did object to the role." (A.-74). Counsel then states, " the argument I make (sic) is not much." (A.-74). Counsel that offered the court his conclusion, "I am abandoning those facts", stated in the Memorandum. (A.-75). Counsel states " he (the A.U.S.A.) was going to continue this, is what Mr. Scruggs told me. What happened, I was anticipating a continuance in this case. There were a lot of other things going on with this case." (A.-75). Counsel was not prepared for the Sentencing. He did not know the date the sentencing was scheduled.

The Court responded to this rather unusual testimony of counsel. The Court stated, "counsel was to have given his objections to the probation officer so the probation officer can consider objections." (A.-75). Counsel failed to do that and appeared to not realize this was the proper procedure. The Court continued: "But the way you did it none of those things can happen. So to do it in a Sentencing Memorandum is not proper, and it's a violation of the local rules, and defeats the whole purpose of allowing the probation officer to not only try to resolve the objection but also to give me any kind

6.

of response." (A.-75), A.-76). Counsel did not know and comply with the local court rules. What preperation could counsel have prepared with for the sentencing, for the case in chief. Counsel then apparently as a result of violating local rules stated, " I am abandoning some of the facts stated in the sentencing memorandum." "Most of the facts would have been inaccurate." (A.-78). counsel really is confused. He prepared and filed an inaccurate document with the court as an officer of the court, was unaware of local rules, and had to be admonished by teh Judge. This does not represent constitutionaly mandated representation. It does represent prejudice.

Counsel attempts to rehabilitate himself stateing as an excuse for his fumbling, "I was waiting for information, waiting, waiting, waiting fc* a matter of months and nobody would get back to me." (A.-79). Who did not get back to him; the A.U.S.A., a witness ? He is a lawyer with remedies . If the A.U.S.A. did not supply disclose discovery the court can remedy the situation. If a witness fails to appear there is a subpoena that can be issued.

The government could not state and had no specific information that Altunyan utlized the same source as the Appellant and admitted that Altunyan recruited Long. (A.82, A.-83). Yet counsel could not prepare an argument the Appellant was not a leader.

The Appellant was sentenced to 108 months incarceration under U.S.S.G. 2D1.1 (c)(4) quanity of drugs, 1.100 (b)(14) importation, and 3B1.1(e) leader for a total Offense Level of 33.

7.

**LEGAL ARGUMENT:**

A. McFadden[2/]:

The record is clear there were two drugs, analogs stated by the government. The postal agent in a field test stated it was MDMA and then the Appelalnt was indicted for MDMC. These are two different analogs. Now the court wants us to believe the Appellant knew the difference between the two. Yes, he plead guilty to MDMC. The Appellant entered a plea of guilty to what he was told it was by his lawyer. He informed his lawyer he had no knowledge of the chemical composition of the material. Why, would he.

The material was possibly manfactured in China or another Asian country. It was shipped from China. Noone knows what the China distributor did to, or where it was obtained from, or when it was manfactured. All of these questions are relevant. Had the government conducted a labratory test it could have answered these questions, as various markers in the material are capable of revealing some information.

There is no question the Appellant and the Government did not know what this material was. The word "Molly" is applied to many various chemical compositions that produce similar results. Then the government and court makes the leap the Appellant knew this material was listed as a Controlled Substance Analogue Enforcement Act, 21 U.S.C. 802 (32)(A).

---

2. McFadden v United States, 135 S.Ct. 2298 (2015).

8.

McFadden held it was the government's burden of proof to show that the Appellant acted with the requiste "knowledge" required by the CSA and the Analogue Act. See 21 U.S.C. 802 (32), 813, 841 (a)(1). The United States Supreme Court addressed the mens rea required for a conviction under 21 U.S.C. 842 (a)(1) when the controlled substance at issue is a controlled-substance analogue.

In United States v Stanford, 2016 U.S. App. LEXIS 9108 (5th Cir. 2016); reversed a case for failure to prove that Stanford knew the synthetic compound was a CSA.

Further guidance is found in United States v Brey, 2015 U.S. App. LExIS 16740 (11th. Cir. 2015) Brey identified "Molly" as a term "referring to several schedule I controlled substances and their analogues, including MDMA/ecstasy 93,4-methylenedioxy-methamphetamine, MDMC methylone (3,4-methylenedioxy-methcathinone), and ethylone (1-(1,3-benzodioxol-5yl)-2-(ethylamino)propan-1-one). The information "Brey" indicate that the Appellant's mixture could have been any number of different chemical mixes. Further, the chemical analysis attributed to MDMC and MDMA do not match the field test of the Postal Agent. What is the important conclusion of Brey is "MDMC (methylone) and ethylone had "half the potency of MDMA"PSR 18. One gram of MDMA is equivalent to 500 grams of marijuana, see U.S.S.G. 2D1.1, n.8)D), so the PSR halved the MDMA ratio and found that one gram of ethylone was equivalent to 250 grams of marijuana." This would affect the Appellant's sentence. Why, did Appellant's counsel not pursue

9.

this evaluation. Counsel was not prepared and did not review or research the case. This is prejudice.

McFadden is a new rule of law and controlled by Teague v Lane, 489 U.S. 288 (1989). A case announces a new rule when it breaks new ground or places a new obligation on the government. Beard v Banks, 542 U.S. 406, 411 (2004). see also, Teague, 488 U.S. at 301.

A new rule removes a particular punishment from the list of punshments that can be constitutionally imposed on a class of defendants. O'Dell v Netherland, 521 U.S. 151, 157, (1997).

McFadden is a substantive new rule and applicable to the Appelant. In addition it high lights counsel poor, ineffective , prejudical performance in not making a determination as to what was the chemical composition of the mixture .

B INEFFECTIVE ASSISTANCE OF COUNSEL:

<u>The Appellant as a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial, a plea of guilty, sentencing, and direct appeal.</u> Evetts v Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). U.S. Constitution Amend. VI.

The determination of ineffective assistance of counsel is determined controlled under Strickland v Washington (466 U.S. 668 (1984)). "Strickland" established a two step review 1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness and outside the range of professional standards, comptent assistance ... and 2) that the deficient performance

10.

performance prejudiced the defense in that, but for counsel's unprofessional errors , the result of the proceeding would have been different."

The Eeventh Circuit has concluded that the claim may be resolved on the prejudice prong alone. see e.g. Williams v Fla. Dept. of Corr. 805 F.3d 1009, 1017 (11th. Cir. 2015); Velazco v Dept. of Corrections, 774 F.3d 664, 687 (11th. Cir. 2014).

Appellant has argued that counsel did not file pre-trial motions , or prepare for the sentencing. The record indicates clearly counsel did not do either. The Affidavit of counsel and the rebutal from the District Court is that counsel stated the Appellant refused to cooperate. That allivates his acting in a professional matter. The substance of that statement is if you do not cooperate then counsel does not perform his professional duty. "[C]ounsel has a duty to make reasonable investigation or make reasonable decisions that makes particular investigations unecessary." United States v Green, 882 F.2d 999, 1003 (5th. Cir. 1989).

The Appellantr has presented counsels failure to determine what the mixture chemical composition consisted of which seriosly affects the length of sentence. Counsel did not know or comply with local rules to object to the PSI. Counsel was admonished by the District Court Judge. Counsel with drew his sentencing arguments. counsel was not prepared or invested in the case beyond the fee. The Appellant has with specificity revealed how the

11.

the outcome would change had counsel acted professionally. See Miller v Dretke, 420 F.3d 356, 361 (5th Cir. 2005). See also, Wiggins v Smith, 539 U.S. 510 (2003);Chandler v United States, 218 F.3d 1305, 1317 (11th. Cir. 2000)(en banc).

The Appellant has discussed the chemical structure and th importance of controlled lab analysis to the entire case. Beyond the chemical structure the year of manfacture is relevant. If the mixture was prepared after 2001 then the penalities were increased seee U.S.S.G. 2D1.1 United States v Noblitt, 343 Fed. Appx 544 (11th. Cir. 2009). The mixture is believed to have been manfactured in China. However, noone knows. This item may have been manfactured at any time recut and sold years after the preperation of the mixture. This is one of the conundrums of analogs.

The case evidences a breakdown in the adversarial process that our system counts on to produce just results. Brownlee v Haley, 306 F.3d 1043, 1069 (11th. Cir. 2002) The Appellant has presented a "reasonable probability" that, but for counsel's unprofessional errors, the result of the proceeding could have been different. Strickland, 466 U.S. 694. " A reasonable probability is a probability sufficient to undermine confidence in the outcome"of the petitioner's sentencing. Williams v Taylor, 529 U.S. 362, 391, 120 S.Ct. 1495. 1512, 146 L.Ed.2d 389 (2000).

12.

A reasonable probability that there could have existed a different sentence supports a finding of ineffective assistance of counsel. This satisfies the prejudice prong. Pooler v Sec'y Fla. Dep't. of Corr., 702 f.3d 1252, 1270 (11th. cir. 2012)

## CONCLUSION

The Appellant has satisfied the standard for the issuance of a C.O.A. and approval to proceed in Forma Pauperis.

Respecffully submitted this 15th. day of 2015 by placing postage pre-paid in a B.O.P. mail receptacle.

_____

Robert Beam
F.C.I.
Yazoo, Miss.

13.

14.

## CERTIFICATE OF SERVICE

A true and original copy was placed postage pre-paid in the B.O.P. mail receptacle to:

>Linda Jolin McNamara
>A.U.S.A. Deputy Chief
>400 N. Tampa Street
>Suitre 3200
>Tampa, Florida 33602

All done this 15 day of December 2016.

*[signature]*

Robert Beam

**U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

Robert Beam _____ vs. _____ USA _____ Appeal No. 16-16565-d

11th Cir. R. 26.1 (enclosed) requires that a Certificate of Interested Persons and Corporate Disclosure Statement must be filed by the appellant with this court within 14 days after the date the appeal is docketed in this court, and must be included within the principal brief filed by any party, and included within any petition, answer, motion or response filed by any party. **You may use this form to fulfill this requirement.** In alphabetical order, with one name per line, please list the trial judge(s), and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

*(please type or print legibly)*:

District Court Judge Susan Bucklew

Kamilia Atunyan

Brooke Long

Attorney Eric Leanza

AUSA Patrick Scruggs